IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL WINIUS,

                                Plaintiff,

    v.

KRISTEN L. PAWLAK, DR. LISA BUHS,
PAUL KEMPER, ROBIN DIEBOLD,
CAPTAIN THOMAS WIEGAN, MARK HEISE,
JON E. LITSCHER and STEVEN JOHNSON,

                                Defendants.

OPINION AND ORDER

19-cv-160-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Pro se plaintiff Michael Winius filed a civil action in the Circuit Court for Dane County on July 26, 2018. He alleges that while he was incarcerated at the Racine Correctional Institution, prison staff subjected him to various acts of retaliation after he complained about inappropriate and defamatory statements that defendant Kristen Pawlak, a prison social worker, posted about plaintiff and other inmates on the internet. The summons and complaint were served on defendants Pawlak, Mark Heise, Jon Litscher, Lisa Buhs, Paul Kemper, Robin Diebold and Thomas Wiegan on January 29, 2019. On February 27, 2019, defendants removed the case to this court under 28 U.S.C. § 1441 and § 1446. Defendants then moved to transfer the case to the Eastern District of Wisconsin under 28 U.S.C. § 1404. Dkt. #2. Plaintiff opposes the transfer, and has moved to remand the case back to state court. Dkt. #4. For the reasons set out below, I will deny plaintiff's motion to remand and will grant defendants' motion to transfer.

1

OPINION

A. <u>Plaintiff's Motion to Remand</u>

Plaintiff contends that this case should be remanded for several reasons. First, plaintiff argues that this court lacks subject matter jurisdiction over the case because most of plaintiff's claims arise under Wisconsin state law, not the United States Constitution or federal law. However, plaintiff concedes that he has raised retaliation claims under the First Amendment of United States Constitution. (He also states in his complaint that he is suing under the Fifth and Fourteenth Amendments.) Dkt. #1-1 at 4.) Because this court has original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States, 28 U.S.C. § 1331, this court has jurisdiction over plaintiff's First Amendment claims. This court has jurisdiction over his related state law claims under 28 U.S.C. § 1367(a), because the claims "form part of the same case or controversy." This means that plaintiff could have filed his case in federal court. Because § 1441 gives defendants the right to remove to federal court any case that could have been filed there originally, the case was properly removed under § 1441.

Second, plaintiff argues that the Circuit Court for Dane County can resolve both his state and federal claims that are brought under 42 U.S.C. § 1983. Although this is true, it is irrelevant to the removal analysis. Because plaintiff has included federal claims in his complaint, removal was proper under § 1441.

Third, plaintiff argues that the removal has delayed his case. This is also irrelevant, as plaintiff concedes that defendants removed the case within the deadlines set by 28 U.S.C.

§ 1446(b).

Fourth, plaintiff argues that his federal claims will be subject to defenses in federal court that are not available in state court. Plaintiff is incorrect. Although Wisconsin state courts have jurisdiction to hear claims under § 1983, state courts must apply federal law when resolving federal claims. Shaw v. Leatherberry, 2005 WI 163, ¶ 21, 286 Wis. 2d 380, 391, 706 N.W.2d 299, 305. Therefore, defendants would have the same defenses available to plaintiff's federal claims whether the claims are adjudicated in state or federal court.

Because defendants' removal was proper and plaintiff has identified no valid reason to remand this case, plaintiff's motion to remand will be denied.

B. Defendants' Motion to Transfer

Defendants contend that this case should be transferred to the Eastern District of Wisconsin because it concerns events that occurred at Racine Correctional Institution, which is located in the Eastern District, and the majority of the parties reside in the Eastern District. Under 28 U.S.C. § 1404(a), a court may transfer a case to another district in which the action may have been brought if transfer serves the convenience of the parties and witnesses and will promote the interest of justice. Coffey v. Van Dorn Iron Works, 796 F.2d 217, 219-20 (7th Cir. 1986). "The statute permits a 'flexible and individualized analysis.'" Research Automation, Inc. v. Schrader-Bridgeport International, Inc., 626 F.3d 973, 978 (7th Cir. 2010) (quoting Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988)). Defendants bear the burden of establishing that the proposed new venue is clearly

more convenient.  Coffey, 796 F.2d at 219.  There is no dispute that this case could have been filed in the Eastern District of Wisconsin.

The convenience inquiry focuses on the availability of and access to witnesses, each party's access to and distance from resources in each forum, the location of material events and the relative ease of access to sources of proof.  Research Automation, 626 F.3d at 978.  In this instance, the Eastern District would be a more convenient location for most of the parties and witnesses.  The events at issue occurred at the Racine Correctional Institution, which is located in the Eastern District and is significantly closer to the federal courthouse in Milwaukee than it is to the federal courthouse in Madison.  Most of the defendants and potential witnesses (including Racine Correctional employees and inmates) are located near Racine Correctional and closer to the Milwaukee federal courthouse.  Only two defendants work in the Western District (Mark Hiese, director of the Bureau of Offender Classification and Movement, and Jon Litsher, the former secretary of the Department of Corrections), and based on the allegations of the complaint, their involvement with the facts of the case is not as significant as the six defendants that work at Racine Correctional.  Defendants point out that allowing the case to remain in the Western District would result in substantial expenditures, including personnel resources and travel costs, if the case proceeds to trial.

Plaintiff argues that he chose to file in Dane County and is housed in Prairie du Chien, which is located in the Western District.  But plaintiff also says he is scheduled to be released in September 2019 and that he will reside in Kaukauna, Wisconsin.  Kaukauna is approximately two hours by car from both Madison and Milwaukee.  Thus, by the time this

4

case reaches trial, plaintiff would be living about the same distance from the courthouses in the Eastern District and Western District. As for his choice of forum, "[t]he plaintiff's choice of forum is usually given substantial weight," although it "is given less deference 'when another forum has a stronger relationship to the dispute.'" Almond v. Pollard, No. 09-cv-335, 2010 WL 2024099, at *2 (W.D. Wis. May 18, 2010). Although I am sympathetic to plaintiff's desire to choose the court he litigates in, the Eastern District, where plaintiff was housed and where he was allegedly subjected to various incidents of retaliation, has a stronger relationship to the dispute. Overall, the Eastern District is a more convenient forum.

The second part of the analysis is the interest-of-justice inquiry, which "relates to the efficient administration of the court system" and focuses on "factors including docket congestion and likely speed to trial in the transferor and potential transferee forums, each court's relative familiarity with the relevant law, the respective desirability of resolving controversies in each locale, and the relationship of each community to the controversy." Research Automation, 626 F.3d at 978. "The interest of justice may be determinative, warranting transfer or its denial even where the convenience of the parties and witnesses points toward the opposite result." Id.

Because defendants filed their motion to transfer the day after removing the case to federal court, the complaint has not yet been screened under 28 U.S.C. § 1915A, there has not yet been a scheduling conference and there are no pending motions. Therefore, transferring the case will not delay any proceedings. Defendants also submit statistics

showing that the Eastern District and Western District share similar caseloads and that one district is not clearly faster than the other. Although plaintiff argues that the Western District has more experience in handling cases involving the Department of Corrections, he provides no basis for this assertion. Both districts handle hundreds of prisoner petitions each year, and I have no doubt that both courts are familiar with the relevant law. I conclude that the factors under § 1404(a) weigh in favor of transferring this case to Eastern District of Wisconsin.

ORDER

IT IS ORDERED that

1. Plaintiff Michael Winius's motion to remand, dkt. #4, is DENIED.

2. Defendants' motion to transfer, dkt. #2, is GRANTED. This case is TRANSFERRED to the U.S. District Court of the Eastern District of Wisconsin under 28 U.S.C. § 1404(a).

Entered this 26th day of June, 2019.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge